IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

```
UNITED STATES OF AMERICA,       )
                                )
                Plaintiff,      )    CRIMINAL ACTION
                                )
v.                              )    No.  11-10187-MLB
                                )
THOMAS GRIFFEN, JR. and         )
JORDAN SMITH,                   )
                                )
                Defendants.     )
                                )
```

**MEMORANDUM AND ORDER**

**I.   Introduction**

This case comes before the court on several pretrial motions. Defendants have been charged in an indictment filed on September 14, 2011. The indictment contains a total of 13 counts and forfeiture allegations. The indictment alleges a conspiracy to commit wire fraud which occurred from an unknown date until June 1, 2011. Defendants have also been charged with twelve counts of wire fraud. The motions are fully briefed and ripe for decision.

**A.   Motion for Bill of Particulars (Docs. 29, 32)**

Defendants argue that the indictment is not sufficient to put them on notice of the nature and manner of the commission of the alleged conspiracy. Defendants seek the following additional information: the identity of known and unknown unidentified co-conspirators; the start date of the conspiracy; the acts which form the basis of the charge; the role of defendants; the property derived from each specific burglary; and, which acts in the separate counts apply to the conspiracy charge. (Doc. 32 at 1). Defendant Griffin

additionally seeks narrative officer reports from the government. (Doc. 29 at 3).

"The purpose of a bill of particulars is to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense . . . ." United States v. Kunzman, 54 F.3d 1522, 1526 (10th Cir. 1995)(quoting United States v. Levine, 983 F.2d 165, 166-67 (10th Cir. 1992)). "A bill of particulars, however, is not a discovery device but may serve to amplif[y] the indictment by providing additional information." United States v. Dunn, 841 F.2d 1026, 1029 (10th Cir. 1988)(internal citations omitted). The Tenth Circuit has held that an indictment is sufficient if it apprises defendants of their crimes and defendants have been provided full discovery. Kunzman, 54 F.3d at 1526. Defendants' request must show that the failure to provide the information would result in prejudicial surprise. United States v. Anderson, 31 F. Supp.2d 933, 938 (D. Kan. 1998)(citing United States v. Wright, 826 F.2d 938, 943 (10th Cir. 1987)).

Defendant Smith contends that he should be provided with the identity of unindicted co-conspirators. The court agrees. Anderson, 31 F. Supp.2d at 938 ("defendants are entitled to know the identity of any unindicted coconspirators.") The government will disclose the names by letter on or before April 6, 2012.

The remaining information sought by defendants, however, has not been shown to be necessary for defendants to prepare for trial. Anderson, 31 F. Supp.2d at 938. Moreover, and most importantly, defendants have not shown that they will be prejudiced without this information. The government has provided defendants with extensive

discovery which exceeds 1,000 pages, a fact that defendants have not contested. Defendants are not entitled to know the entirety of the government's case, which is essentially what defendants are requesting.

Defendants' motions for a bill of particulars are therefore granted in part and denied in part. (Docs. 29, 32).

**B.   Motion to Sever (Doc. 30)**

Griffin moves to sever himself from his co-defendant. Multiple defendants may be tried together "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). If, however, a joint trial "appears to prejudice a defendant, . . . the court may order separate trials of counts [or] sever the defendants' trials." Fed. R. Crim. P. 14(a). Joint trials of defendants who are charged together are preferred because "they promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." United States v. Hall, 473 F.3d 1295, 1301 (10th Cir. 2007) (quotation omitted). Severance is discretionary and should be granted only when "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Id. at 1302 (quotation omitted).

The court agrees with the government's response and adopts its discussion. Griffin has failed to establish how a joint trial would result in "actual prejudice to his defense" as required to succeed on a motion to sever. United States v. Hutchinson, 573 F.3d 1011, 1025

(10th Cir. 2009). Griffin's concern of undue prejudice and confusion of the issues because of the charges concerning Smith will be alleviated by the court's instructions which require the jury to consider each defendant and count independently. "[L]imiting instructions are ordinarily sufficient to cure potential prejudice." Id.

Griffin's motion to sever is therefore denied. (Doc. 30).

**C.    Motion to Identify and Determine Admissibility of Co-Conspirator Statements (Doc. 31)**

Smith moves for an order directing the government to disclose any co-conspirator statements the government intends to offer during trial. (Doc. 31).[1] The government responds that it does not intend to offer any co-conspirator statements during trial. Smith's motion is therefore denied as moot.

**D.    Motion for Leave to File Additional Motions (Doc. 33)**

Defendants seek additional time to file pretrial motions. Defendants, however, do not identify what motions they would like to file but assert that additional motions may be necessary after they have reviewed all of the discovery and information they seek in their motion for a bill of particulars. Because the court has denied the majority of defendants' motion for a bill of particulars, there will only be one additional document for counsel to review. The court has already continued the pretrial motion deadline on four occasions.

However, because new counsel has entered for Jordan Smith, the

---

[1] Griffin's motion to join in Smith's motion to identify statements and motion for leave to file additional motions is granted. (Doc. 34).

court will extend the pretrial motion deadline until April 13, 2012.

**II. Conclusion**

Defendants' motions for a bill of particulars are granted in part and denied in part. (Docs. 29, 32). Griffin's motion to sever is denied. (Doc. 30). Smith's motion to identify co-conspirator statements is denied as moot. (Doc. 31). Defendants' motion to extend the pretrial motion deadline is granted. (Doc. 33).

IT IS SO ORDERED.

Dated this   27th   day of March 2012, at Wichita, Kansas.

s/ Monti Belot<br>
Monti L. Belot<br>
UNITED STATES DISTRICT JUDGE